**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 42722 & 42785**

| | |
|---|---|
| **STATE OF IDAHO,** | ) **2015 Unpublished Opinion No. 511** |
| | ) |
| **Plaintiff-Respondent,** | ) **Filed: June 4, 2015** |
| | ) |
| **v.** | ) **Stephen W. Kenyon, Clerk** |
| | ) |
| **BRUCE EUGENE LARSEN,** | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) **BE CITED AS AUTHORITY** |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Orders revoking probation and executing original and modified sentences for two counts of felony driving under the influence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

————————————————————————

Before MELANSON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

————————————————————————

PER CURIAM

In Docket No. 42722, Bruce Eugene Larsen pled guilty to felony driving under the influence. I.C. §§ 18-8004 and 18-8005. In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Larsen to a unified term of six years, with a minimum period of confinement of three years, suspended the sentence, and placed Larsen on probation. Subsequently, Larsen admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence.

1

In Docket No. 42785, Larsen pled guilty to felony driving under the influence. I.C. § 18-8004 and 18-8005. The district court sentenced Larsen to a unified term of seven years, with a minimum period of confinement of four years. In Docket No. 42722, Larsen admitted to violating the terms of his probation. The district court revoked probation and ordered execution of his sentence. The district court ordered that Larsen's sentences be served concurrently and retained jurisdiction in both cases. Following successful completion of his rider, the district court suspended Larsen's sentences and placed him on probation.

Larsen thereafter admitted to violating the terms of his probation. The district court revoked Larsen's probation and ordered execution of his original sentences. However, the district court modified Larsen's sentence in Docket No. 42785, and reduced the sentence to a unified term of seven years, with a minimum period of confinement of three years.

Larsen appeals, contending that the district court abused its discretion in revoking probation and that his sentences are excessive. It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will

consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Larsen's original and modified sentences. Therefore, the orders revoking probation and directing execution of Larsen's previously suspended sentences are affirmed.